# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| M.D. a minor, by his mother and next friend ROSEMARY DILASCIO,    * <br>    * <br>    * <br>                                            * <br>                 Petitioner,  * <br>    * <br> v.   * <br>    * <br> SECRETARY OF HEALTH AND HUMAN SERVICES,  * <br>    * <br>                 Respondent.  * | No. 10-611V <br><br> Special Master Christian J. Moran <br><br> Filed: July 11, 2022 <br><br> Attorneys' Fees and Costs |
| * * * * * * * * * * * * * * * * * * * * * | |

Amber D. Wilson, Wilson Science Law, Washington, DC, for Petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Rosemary Dilascio's motion for final attorneys' fees and costs. She is awarded **$92,184.89**.

                       \*      \*      \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

An extensive overview of the long and complex history of this case is available in the opinion issued by the Court of Federal Claims. 153 Fed. Cl. 544 (2021).  Briefly, petitioner, on behalf of her minor child M.D., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that a tetanus-diphtheria-acellular pertussis vaccine M.D. received on April 26, 2006, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer an encephalopathy and a subsequent seizure disorder.   In this phase, petitioner was represented by Attorney Corey Kaye.  Petitioner was found not entitled to compensation.  Decision, 2017 WL 3600575 (Apr. 26, 2017).

Attorney Amber Wilson represented petitioner in trying to reopen the judgment denying her compensation.  The gravamen of the argument was that Attorney Kaye abandoned petitioner.  However, this argument was rejected, and the outcome was sustained on the motion for review.

On May 14, 2021, petitioner filed a motion for final attorneys' fees and costs for work Ms. Wilson performed in seeking a reopening of the judgment.  ("Fees App."). Petitioner requests a total of $93,032.09, broken down as follows: $45,230.40 in attorneys' fees and $227.50 in costs incurred by petitioner's current law firm, and $46,536.80 in attorneys' fees and $1,037.39 in costs incurred by petitioner's former law firm, Maglio Christopher and Toale, PA. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. at 2. On May 17, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner filed a reply on May 18, 2021, reiterating her belief that the requested fees and costs are reasonable.

Thereafter, the undersigned requested additional briefing from respondent concerning the reasonable basis of the case. Order, issued June 17, 2021. Respondent filed a response on July 19, 2021, indicating that the undersigned previously found that reasonable basis existed in awarding interim fees to petitioner's prior counsel. Response at 2. Respondent further notes that the current application is limited to work completed to pursue petitioner's Motion for Relief from Judgment, and that "petitioner asserted colorable arguments pursuant to Rule

60(b)(6) in an effort to reopen the case." Id. Ultimately, respondent concludes that he "believes that petitioner maintained reasonable basis through the pendency of this matter." Id. at 3.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this

general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was performed in the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Amber Wilson: $308.00 per hour for work performed in 2018, $323.00 per hour for work performed in 2019, $345.00 per hour for work performed in 2020, and $378.00 per hour for work performed in 2021; and for Ms. Jennifer Maglio, $381.00 per hour for work performed in 2018. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. See, e.g., Raymer v. Sec'y of Health & Human Servs., No. 17-590V, 2020 WL 3619511 (Fed. Cl. Spec. Mstr. Jun. 12, 2020).

    B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to duplicative billed paralegal time. As an example, paralegals frequently billed for review of simple court filings which were already reviewed and billed for by the managing attorney, rendering such time redundant. Additionally, paralegals billed for filing documents (stylized as "review and finalize" a given document when time had already been billed by another individual, typically Ms. Wilson, on its drafting), an administrative task which should not be billed for. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

While each of these events is small when viewed in isolation, the undersigned has noticed multiple occasions of each issue throughout the totality of the billing records. Accordingly, the undersigned shall reduce the attorneys' fees attributable to Maglio Christopher and Toale, PA by $847.20 to offset these issues.

4

In preparing the motion for review, Ms. Wilson spent approximately 80 hours. Her time entries contain an unusually high degree of detail, allowing the undersigned to find that the amount of time spent is reasonable. The motion for review did not simply restate (via copying and pasting) arguments made in the underlying motion to reopen. The amount of time also reflects that the issues surrounding reopening a judgment due to attorney abandonment required fresh research because those issues typically have not arisen in the Vaccine Program. Finally, the Secretary did not interpose any objection. For all these reasons, the time for the motion for review is credited entirely.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,264.89 in attorneys' costs. This amount is comprised of postage, legal research costs, a process server, and transcript costs. These costs have been supported with the necessary documentation and all are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$45,457.90** (representing $45,230.40 in attorneys' fees and $227.50 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her current counsel, Ms. Amber Wilson; and

2) A total of **$46,726.99** (representing $45,689.60 in attorneys' fees and $1,037.39 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her former law firm, Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
